## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMY C. HULTON, | : | CIVIL CASE NO. |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | |
| | : | |
| YALE NEW HAVEN HOSPITAL, INC., | : | |
| DEFENDANT. | : | OCTOBER 2, 2017 |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the discrimination suffered by the plaintiff when the defendant terminated the plaintiff's employment on account of the plaintiff's disability in violation of the provisions of the Americans With Disabilities Act and the provisions of the Connecticut Fair Employment Practices Act.

### II.    JURISDICTION

2.    This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans With Disabilities Act (hereinafter "ADA"), Title 42 U.S.C. §12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. §2000e-5.

3.    Jurisdiction over the plaintiff's federal claims is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), Title 29 U.S.C. §2617(a) (2), and Title 42 U.S.C. §2000e-5(f).

4.  The court possesses supplemental jurisdiction over the plaintiff's state law claims.

5.  All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil

    Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied

    with, and therefore jurisdiction likewise exists pursuant to Section 107a of the Americans

    With Disabilities Act, Title 42 U.S.C. §12117.

6.  A charge of employment discrimination on the basis of disability was filed on March 20,

    2017, with the State of Connecticut Commission on Human Rights and Opportunities,

    which filing was within 180 days of the commission of the unlawful employment practice

    alleged herein.

7.  Simultaneous with the filing of the plaintiff's complaint with the State of Connecticut

    Commission on Human Rights and Opportunities, a charge of employment

    discrimination on the basis of disability was filed with the Equal Employment

    Opportunity Commission on or about March 20, 2017, which filing was within 180 days

    of the commission of the unlawful practice alleged herein.

8.  On September 19, 2017, the Equal Employment Opportunity Commission issued to the

    plaintiff a "Dismissal and Notice of Rights," a copy of which is attached to this complaint

    and labeled Exhibit 1.

9.  On September 13, 2017, the Connecticut Commission on Human Rights and

    Opportunities issued to the plaintiff a "Release of Jurisdiction", a copy of which is

    attached to this complaint, and designated as Exhibit 2.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k) and Title 42 U.S.C. §1988.

11. Declaratory, injunctive, and equitable relief is sought pursuant to Title 28 U.S.C. §2201, 2202 and Title 42 U.S.C. §2000e-5(g).

12. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

III.   **VENUE**

13. This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

IV.   **PARTIES**

14. The plaintiff is a citizen of the United States and resides in New Haven, Connecticut.

15. The plaintiff suffers from a disabling impairment, alcoholism, for which she has successfully received treatment.

16. The defendant is a person within the meaning of Section 101c of the Americans With Disabilities Act, Title 42 U.S.C. §12111(7).

17. The defendant is an employer as that term is defined by Title 42 U.S.C. §12111(5) in that the defendant engages in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

18.  The defendant is a Connecticut non-stock corporation, having a principal place of business in New Haven, Connecticut.

19.  All the discriminatory employment practices alleged herein were committed within the State of Connecticut.

20.  The defendant is an employer within the meaning of Connecticut General Statutes § 46a – 51 (10).

## V.  STATEMENT OF FACTS

21.  The defendant hired the plaintiff in 2002 to the position of Student Nurse.

22.  During the plaintiff's employment with the defendant, she advanced from Clinical Nurse to Clinical Nurse, and Clinical Nurse II.

23.  Prior to 2001, the plaintiff had been diagnosed as suffering from major depressive disorder, and alcoholism.

24.  In April 2013, plaintiff voluntarily sought treatment for her alcoholism and depression at High Watch Recovery Center in Kent, Connecticut, a private inpatient facility.

25.  While in attendance at High Watch Recovery Center, the plaintiff requested, and was granted a medical leave of absence from the defendant.

26.  The plaintiff successfully completed a one-month inpatient treatment program at High Watch Recovery Center, and was referred by Dr. Arcuni (a psychiatrist at High Watch Recovery Center) to a Yale New Haven Hospital outpatient program of six weeks duration, which she successfully completed.

27.  The plaintiff returned to her position with the defendant in July 2013, and during a meeting with her nurse manager and a human resource representative, voluntarily disclosed the reason for her medical leave.

28.  Although the information regarding her medical leave of absence was protected under the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the plaintiff, in a desire to be open and forthright with the defendant, voluntarily disclosed the reason for her medical leave during a meeting with her nurse manager and a human resource representative.

29.  The defendant provided the plaintiff with a referral to a resource and support program, HAVEN.

30.  HAVEN is an independent non-profit corporation founded by the Connecticut State Medical Society, Connecticut Nurses Association, Connecticut State Dental Association, Connecticut Veterinary Medicine Association and Connecticut Academy of Physician Assistants that provides confidential consultation and support to healthcare professionals facing health concerns related to alcoholism, substance abuse, behavioral or mental health issues and/or physical illness.

31.  The plaintiff resumed her nursing duties while seeing a therapist and attending a group therapy once a week exclusively for healthcare professionals.

32.  The plaintiff also provided random urine drug and alcohol screens and attended AA meetings per the recommendations of HAVEN.

33.  The plaintiff suffered a relapse late December 2013, and with the support of HAVEN, initiated a medical leave of absence from her employment with defendant.

34.  HAVEN recommended that the plaintiff enroll in a dual diagnosis outpatient program run by Yale New Haven Hospital.

35.  The plaintiff successfully completed this four-month program, then was referred to a four-month DBT program at same facility recommended by Dr. Hoffman.

36.  The plaintiff also completed the DBT program successfully.

37.  The plaintiff's medical leave from her employment with the defendant was unrelated to any employment related issues, for instance, she was not discovered drinking while at work, something which she never did, nor was she impaired or incapacitated in any manner while working.

38.  The plaintiff's alcoholism was confined to her off-duty, non-work related activities.

39.  Upon the expiration of the plaintiff's medical leave, the defendant terminated her employment.

40.  Although suffering a series of relapses while participating in the HAVEN rehabilitation program, the plaintiff's therapist, Richard A. Chernes, MS, LADC, on February 18, 2016, reported to the HAVEN program that the plaintiff was ready to safely return to her nursing duties.

41.  On or about April 6, 2016, the plaintiff's health care provider, Kristin Hale, APRN, of the Spectrum Psychiatric Group, apprised Haven that the plaintiff "presents as

cooperative, sober and with no cognitive impairment," and that she was safe to return to work in her profession.

42.  While under supervision and guidance from HAVEN, the plaintiff, on or about January 29, 2015, agreed to an interim consent order with the State of Connecticut Department of Public Health in which she agreed to having her nursing license temporarily suspended.

43.  On or about September 21, 2016, the State of Connecticut Department of Public Health and the plaintiff entered into a consent order in which the plaintiff's license to practice as a registered nurse was restored subject to a three-year probation period.

44.  Among the conditions of the probation licensure, the plaintiff "shall not administer, count, or have access to narcotics or other controlled substances, or have responsibility for such activities in the course of her nursing duties for the first three months after returning to work as a nurse."

45.  The plaintiff suffers from alcoholism for which she sought treatment in a continuing alcohol rehabilitation program supervised by HAVEN.

46.  The plaintiff's therapist, health care provider, and the State of Connecticut Department of Public Health have determined that the plaintiff is fit to practice as a registered nurse.

47.  Since June 26, 2015, the plaintiff has remained alcohol free.

48.  Since June of 2015, the plaintiff has attended in excess of ten AA meetings per month, as well as weekly individual sessions with a licensed addiction therapist and weekly group therapy with other healthcare professionals.

49.  The plaintiff also sees Kristen Hale, a psychiatric APRN, for medication management.

50.  As a recovering alcoholic, the plaintiff qualifies as an individual with a disability under the provisions of the Americans with Disabilities Act and the Connecticut Fair Employment Practices Act.

51.  Prior alcohol abuse is a recognized disability for purposes of the Americans with Disabilities Act and the Connecticut Fair Employment Practices Act.

52.  In spite of her disability, the plaintiff is able to perform the essential functions of her position, with an accommodation regarding administering, counting, or having access to narcotics or other controlled substances, or having responsibility for such activities in the course of her nursing duties for the first three months after returning to work as a nurse.

53.  Between on or about December 18, 2016, and February 22, 2017, the plaintiff submitted online applications to the defendant for at least twelve nursing positions for which she was qualified.

54.  Without explanation, the defendant informed the plaintiff that it was not considering her for employment in any of the positions to which she had submitted applications.

55.  On or about October 13, 2016, and again on December 22, 2016, the plaintiff's counsel inquired through letters sent to the defendant's human resources personnel, of the steps the plaintiff must take to resume her employment at Yale New Haven Hospital.

56.  The defendant completely ignored the plaintiff's counsel's inquiries.

57. During her previous employment with the defendant, the plaintiff's performance evaluations demonstrated that she had capably performed the duties and responsibilities of every position in which she was employed by the defendant.

58. The defendant refused to hire the plaintiff to any of the positions for which she applied on account of her disability.

59. The defendant refused to hire the plaintiff because it regarded her as being disabled.

60. The plaintiff is capable of performing the essential functions of the positions for which she has submitted applications to the defendant for employment.

61. Although the plaintiff's condition impacts on her major life activities, including work, she is able and would be able to perform the essential functions of the jobs to which she applied to the respondent if reasonably accommodated by the defendant.

**VI. FIRST CAUSE OF ACTION (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)**

62-122.     Paragraphs 1 through 61 are hereby made paragraphs 62 through 122 of this, the First Cause of Action.

123.     The plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the Americans With Disabilities Act, Title 42 U.S.C. §12111(8), in that the plaintiff is an individual with a disability who, with a reasonable accommodation, is capable of performing the essential functions of the nursing positions to which the plaintiff made application to the defendant.

124.    The defendant refused to hire the plaintiff to any of the nursing positions to which the plaintiff applied because of the plaintiff's affliction with a physical and/or mental disability, alcoholism.

125.    The plaintiff's affliction with a physical and/or mental disability, alcoholism, substantially limits one or more of the plaintiff's major life activities such as working, walking, standing, and thinking.

126.    The defendant refused to hire the plaintiff to any of the positions to which the plaintiff applied because the defendant regarded the plaintiff as suffering from a physical and/or mental disability, alcoholism.

127.    The defendant refused to hire the plaintiff to any of the positions to which the plaintiff applied because the plaintiff had a record of suffering from a physical and/or mental disability, alcoholism.

128.    The defendant's refusal to employ the plaintiff to the nursing positions to which she applied because of her alcoholism is a discriminatory act prohibited by Section 102(a) of the Americans With Disabilities Act, Title 42 U.S.C. §12112(a).

129.    The defendant's refusal to employ the plaintiff to the nursing positions to which she applied because it regarded her as suffering from a physical and/or mental impairment, alcoholism, is a discriminatory act prohibited by Section 102(a) of the Americans With Disabilities Act, Title 42 U.S.C. §12112(a).

130.    The defendant's refusal to employ the plaintiff to the nursing positions to which she applied because of her alcoholism is a discriminatory act prohibited by Section 102(a) of the Americans With Disabilities Act, Title 42 U.S.C. §12112(a).

131.    The defendant violated the provisions of the Americans with Disabilities Act, Title 42 U.S.C. 12101 et seq., by refusing to enter into a discourse regarding the accommodation needed by the plaintiff, by not providing the plaintiff with reasonable accommodation and by refusing to employer her in the nursing positions to which she applied.

132.    As a result of her physical and/or mental impairment, alcoholism, the plaintiff is substantially limited in carrying on major life activities including working, walking, standing, and thinking.

133.    The plaintiff is an individual with a disability within the meaning of Section 3(2) of the Americans With Disabilities Act, Title 42 U.S.C. §12102(2).

134.    The defendant was aware of the plaintiff's physical and/or mental impairment, alcoholism, when it refused to hire her to the nursing positions to which she had applied.

135.    The plaintiff has a record of being a recovering alcoholic, and the defendant had knowledge of the plaintiff's condition when it refused to hire her to the nursing positions to which she had applied.

136.    The plaintiff was regarded by the defendant as suffering from a physical and/or mental impairment, alcoholism.

137.    The plaintiff is a qualified individual with a disability as that term is defined under the
        provisions of the Americans with Disabilities Act.

138.    The plaintiff suffers from a physical and/or mental impairment, alcoholism, that
        substantially limits her major life activities including working, standing, walking, and
        thinking.

139.    Although the plaintiff's condition impacts on her major life activities, including working,
        standing, walking, and thinking, she is able and would be able to perform the essential
        functions of the nursing jobs to which she applied if reasonably accommodated by the
        defendant.

140.    The plaintiff was fully qualified to perform the essential functions of the nursing
        positions to which she had applied if reasonably accommodated by the defendant.

141.    The accommodation sought by plaintiff was limited to a three-month period, during
        which time the defendant would excuse the plaintiff from having to administer, count, or
        have access to narcotics or other controlled substances, or have responsibility for such
        activities in the course of her nursing duties.

142.    The defendant discriminated against the plaintiff with malice and with a reckless
        indifference to the federally protected rights of the plaintiff guaranteed to the plaintiff by
        the provisions of the Americans With Disabilities Act.

143.    The defendant violated the provisions of Americans with Disabilities Act, Title 42 U.S.C. 12101 et seq., because it discriminated against the plaintiff because it regarded the plaintiff as being disabled.

144.    The defendant violated the provisions of Americans with Disabilities Act, Title 42 U.S.C. 12101 et seq., because it discriminated against the plaintiff because she had a record of suffering from a disability.

145.    The defendant's refusal to employ the plaintiff because of her alcoholism to the nursing positions to which she had applied has caused, continues to cause and will cause the plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

146.    The defendant's refusal to employ the plaintiff because of her alcoholism to the nursing positions to which she had applied has caused, continues to cause and will cause plaintiff irreparable harm through her loss of such gainful employment and through her loss of the employment benefits, including group health insurance.

147.    The defendant, by refusing to employ the plaintiff on account of the plaintiff's disability to the nursing positions to which she had applied, has caused the plaintiff to suffer emotional distress.

## VII.    SECOND CAUSE OF ACTION (VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)

148-208.        Paragraphs 1 through 61 are incorporated herein as paragraphs 148 through 208.

209.    The defendant discriminated against the plaintiff with malice and with a reckless

indifference to the state protected rights of the plaintiff.

210.    Connecticut General Statutes § 46a-59(10) defines "employer" as any person

or employer with three or more persons in his employ".

211.    Connecticut General Statutes § 46a-59(15) defines "[p]hysically disabled" as

"any individual who has any chronic physical handicap, infirmity or

impairment, whether congenital or resulting from bodily injury, organic

processes or changes or from illness, including, but not limited to, epilepsy,

deafness or hearing impairment or reliance on a wheelchair or other remedial

appliance or device."

212.    Connecticut General Statutes § 46a-59(15) defines "[m]ental disability" as " an

individual who has a record of, or is regarded as having one or more mental

disorders, as defined in the most recent edition of the American Psychiatric

Association's "Diagnostic and Statistical Manual of Mental Disorders."

213.    Connecticut General Statutes Section § 46a-60(a)(1) prohibits "an employer,

by himself or his agent, except in the case of a bona fide occupational

qualification or need, to refuse to hire or employ or to bar or to discharge from

employment any individual or to discriminate against him in compensation or

in terms, conditions or privileges of employment because of the individual's

race, color, religious creed, age, sex, marital status, national origin, ancestry,

present or past history of mental disorder, mental retardation, learning

disability or physical disability, including, but not limited to, blindness."

214.     The plaintiff is "physically disabled" as that term is defined by Connecticut

General Statutes § 46a-59(15).

215.     The plaintiff suffers from a mental disability as that term is defined by

Connecticut General Statutes § 46a-59(20).

216.   The defendant's refusal to employ the plaintiff to the positions to which she

applied because of her alcoholism is a discriminatory act prohibited by the

provisions of the Connecticut Fair Employment Practices Act.

217.     The defendant's refusal to employ the plaintiff to the positions to which she

applied because of her alcoholism has caused, continues to cause and will

cause the plaintiff to suffer substantial damages for future pecuniary losses,

mental anguish, loss of enjoyment of life and other non-pecuniary losses.

218.     The defendant's refusal to employ the plaintiff to the positions to which she

applied because of her alcoholism has caused, continues to cause and will

cause plaintiff irreparable harm through his loss of such gainful employment

and through his loss of the employment benefits, including group health

insurance, that the plaintiff would have attained through his continued

employment with the defendant.

219.   The defendant, by refusing to employ the plaintiff on account of the plaintiff's disability to the nursing positions to which she had applied, has caused the plaintiff to suffer emotional distress.

220.   The plaintiff is qualified for, and is capable of performing, with a reasonable accommodation, the essential functions of the nursing positions for which she has submitted applications to the defendant for employment

## VIII.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:**

1. <u>**(As to the First Cause of Action)**</u>

   a.   declare the conduct engaged by the defendant to be a violation of the plaintiff's rights guaranteed to him by the Americans With Disabilities Act;

   b.   enjoin the defendant from engaging in such conduct;

   c.   award the plaintiff equitable relief in the form of back salary and fringe benefits, plus interest as allowed by law until paid in full, together with front salary and benefits accrual;

   d.   award the plaintiff compensatory and punitive damages;

   e.   award the plaintiff costs and attorney fees; and

   f.   grant such other and further relief as the Court may deem just and proper.

**2. (<u>As to the Second Cause of Action</u>)**

a.   declare the conduct engaged by the defendant to be in violation of the plaintiff's rights

guaranteed to him by the Connecticut Fair Employment Practices Act;

b.   enjoin the defendant from engaging in such conduct;

c.   award the plaintiff equitable relief in the form of back pay and loss of employment

benefits, plus interest as allowed by law until paid in full, together with front salary

and benefits accrual;

d.   award the plaintiff compensatory and punitive damages;

e.   award the plaintiff costs and attorney fees; and

f.   grant such other and further relief as the Court may deem just and proper.

**IX. JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – AMY C. HULTON

BY<u>/s/ Thomas W. Bucci</u>
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomaswbucci@outlook.com

EXHIBIT
1
ALL-STATE LEGAL®

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Amy C. Hulton<br>93 Orange Street Apt 506<br>New Haven, CT 06510 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
| --- | --- | --- | --- |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
| --- | --- | --- | --- |

| EEOC Charge No.<br><br>16A-2017-00946 | EEOC Representative<br>Amon L. Kinsey, Jr.,<br>Supervisory Investigator | Telephone No.<br><br>(617) 565-3189 |
| --- | --- | --- |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
| --- | --- |
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [X] | Other (briefly state)   **Charging Party is pursuing claims in another forum.** |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*
Feng K. An,
**Area Office Director**

9-19-2017
*(Date Mailed)*

Enclosures(s)

cc:

| YALE NEW HAVEN HOSPITAL<br>20 York Street Ct 230<br>New Haven, CT 06510 | Thomas W. Bucci, Esq.<br>Willinger, Willinger & Bucci, P.C.<br>855 Main Street<br>Bridgeport, CT 06604 |
| --- | --- |

EXHIBIT

2

ALL-STATE LEGAL®

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Amy Hulton
**COMPLAINANT**

vs.

Yale New Haven Hospital
**RESPONDENT**

CHRO No. 1730520
EEOC No.  16A201700946

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at <u>ROJ@ct.gov</u> or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:** September 13, 2017

_Tanya A Hughes_

Tanya A. Hughes, Executive Director

Service:
Complainant: Amy Hulton – <u>sweetheart06515@yahoo.com</u>
Complainant's attorney: Thomas W.Bucci – <u>tbucci@wwblaw.com</u>
Respondent's attorney: Yale New Haven Hospital – <u>susan.wright2@ynhh.org</u>